UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Kevin Pinero,

*Defendant.*

**Protective Order**

**11 Cr. 576 (WHP)**

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), in advance of the defendant's resentencing, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include, as detailed below, material that affects the privacy of individuals, and material that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Unless otherwise specified, any material produced to defense counsel and the defendant shall be deemed Disclosure Material.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that affects privacy and safety of victims and witnesses. Among other things, the Government's sensitive disclosure material contains evidence relating to the murder of William Shaw. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court. Sensitive disclosure materials produced by the Government will be labeled as such in the index produced with the discovery materials.

3. **Facilitation of Production.** The Government has agreed to make a voluntary production of certain materials to the defendant in advance of resentencing, although it does not believe it is obligated to do so. The entry of this protective order in this case will permit the Government to produce the disclosure material and sensitive disclosure material without need for litigation.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to the following persons (hereinafter "Designated Persons"):

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

6. Sensitive disclosure material shall not be disclosed by defense counsel or the defendant other than as set forth herein, and shall be used solely for purposes of defending this action:

(a) Defense counsel shall not post any sensitive disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any sensitive disclosure material to any media or any third party except as set forth below.

(b) Sensitive disclosure material may be disclosed by defense counsel to the defendant for review in the presence of defense counsel for purposes related to this case. **The defendant shall not maintain, retain, or keep copies of any records containing sensitive disclosure material outside of the presence of defense counsel**.

(c) Sensitive disclosure material may be disclosed by defense counsel to Designated Persons. The defendant and defense counsel shall provide a copy of this Order to Designated Persons to whom they disclose sensitive disclosure material, and such Designated Persons shall be subject to the terms of this order.

7. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

9. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the ESI disclosure material, within 30 days of the expiration of the period for direct

appeal from any judgment in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____  Date: March 20, 2020
Andrew A. Rohrbach
Assistant United States Attorney

_____  Date: 3/24/2020
Richard Signorelli, Esq.
Counsel for Kevin Pinero

SO ORDERED:

Dated: New York, New York
       March 25, 2020

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.